

**FILED**
JUL 3 1 2007
RELEASED FOR PUBLICATION
CLERK, U.S. DISTRICT COURT

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
JUL 12 2007
FILED
CLERK'S OFFICE

06C6461

DOCKET NO. 1849

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE C.H. ROBINSON WORLDWIDE, INC., OVERTIME PAY LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### TRANSFER ORDER

Before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by plaintiffs in the 100 actions listed on Schedule A and two additional actions for coordinated or consolidated pretrial proceedings of these actions in the Northern District of Illinois or, in the alternative, the District of Minnesota.[1] Lone defendant C.H. Robinson Worldwide, Inc. (CHRW) opposes the motion. After their initial submissions to the Panel, all parties filed a joint pleading with the Panel requesting transfer for the limited purpose of obtaining settlement approval in the Northern District of Illinois or, alternatively, the District of Minnesota.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve one or more common questions of fact, and centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions involve similar allegations that certain employees of CHRW are entitled to compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Centralization under Section 1407 is necessary in order to conserve the resources of the parties, their counsel and the judiciary, particularly with respect to settlement approval. We decline to circumscribe the breadth of the pretrial proceedings as requested by the parties, instead leaving such matters to the discretion of the transferee judge. Whenever the transferee judge deems remand of any

---

* Judge Miller took no part in the decision of this matter.

[1] Plaintiffs initially included 102 actions in their motion, but later amended the schedule to exclude the 28 Northern District of Illinois actions that were closed and pending transfer under 28 U.S.C. § 1404(a) at that time. Two of these actions remain in that status. Because all parties are represented by common counsel and have filed pleadings stating their positions before the Panel, 100 actions are encompassed by this order. The remaining two actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

We are persuaded that the District of Minnesota is an appropriate transferee forum for this docket. This is the district in which approximately one-fourth of the actions are now pending. Also, the transferee judge to whom we are assigning this litigation has developed a familiarity with the issues, parties, and counsel involved in these actions through presiding over two related actions for the past five years.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Joan N. Ericksen for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

A TRUE COPY - ATTEST
MICHAEL W. DOBBINS, CLERK
BY: Maija Burke
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DATE: 8-3-07